UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.M., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 17-cv-177-RCL |
| ) | |
| BRIDGES PUBLIC CHARTER ) | |
| SCHOOL, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

I. BACKGROUND

Plaintiffs Melissa Koplow McCall and Matthew McCall filed suit before this Court individually and on behalf of their minor daughter, A.M., a six-year-old child suffering from multiple disabilities. Plaintiffs brought this suit against Bridges Public Charter School ("Bridges"), A.M.'s former elementary school where she received special education services; Kristine Rigley, principal of Bridges; and four current and/or former teachers and assistant teachers at Bridges: Collette Burts, Kristen Williams, Donise Wiggins, and Shantelle Fuller (collectively referred to as the "Burts Defendants").

Plaintiffs allege that A.M. and other special education students "were subject to ongoing physical and verbal abuse." ECF No. 10, Second Amended Complaint, ¶17. For instance, plaintiffs assert that on numerous occasions the Burts Defendants would "place A.M. on her cot during nap time, pile bean bag chairs on top of her, and place their feet and legs on top of the bean bag chairs to pin A.M. to her cot and completely restrain her from being able to move." *Id.* at ¶17. Plaintiffs describe numerous other incidents of abuse, *id.* at ¶21, and allege that defendant Rigley

was aware of the abuse and failed to respond, *id.* at ¶22. Based on these allegations, plaintiffs assert ten causes of action against the defendants in their Second Amended Complaint.

Defendants Bridges and Ripley moved for partial dismissal of plaintiffs' Second Amended Complaint.[1] ECF No. 13. Subsequent to their motion and the response and reply thereto, the parties stipulated that all claims against defendants Burts, Williams, Wiggins, Fuller, and Rigley are dismissed without prejudice by agreement. ECF No. 27. As such, Bridges is the only remaining defendant in this case.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss under Rule 12(b)(6), "the court must assume 'all the allegations in the complaint are true (even if doubtful in fact),' and the court must give the plaintiff 'the benefit of all reasonable inferences derived from the facts alleged.'" *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal citations omitted).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the factual allegations in the complaint need not be "detailed," the Federal Rules require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint,

---

[1] The Burts defendants also moved for partial dismissal of the Second Amended Complaint. ECF No. 15. The Court will address that motion in a separate Order.

documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006).

### III. DISCUSSION

As an initial matter, the Court will **DENY** as moot the motion for partial dismissal as it relates to defendant Rigley. On November 13, 2017, the parties stipulated that all claims against Rigley were dismissed by agreement. Therefore, Rigley is no longer a party to this suit and the Court need not rule on the motion to dismiss as it relates to the claims against her.

Remaining before the Court is defendant Bridges' motion for dismissal of Counts I, V, IX, and X of the Second Amended Complaint.

The Court will first address Counts IX and X, which allege negligence and negligent supervision. Bridges argues that they must be dismissed because D.C. Code §38-1802.04(c)(17) provides that "a public charter school ... shall be immune from civil liability ... unless the act or omission: (1) constitutes gross negligence ..." In their response memorandum, plaintiffs agree that they must establish gross negligence under D.C. law. ECF No. 17-1 at 13. For that reason, the parties agree that Bridges cannot be liable for negligence and negligent supervision as alleged in Counts IX and X—they can only potentially be liable for gross negligence and gross negligent supervision as alleged in Counts IV and VI. Accordingly, the Court will **DISMISS** Counts IX and X of the Second Amended Complaint as against Bridges.

Bridges further contends that Count I—which alleges that defendants deprived A.M of her Fourth Amendment Rights to be free of excessive force and unreasonable seizure in violation of 42 U.S.C. §1983—must be dismissed because Bridges is not a "person" subject to Section 1983 liability and there is no separate *respondeat superior* theory of liability under Section 1983. The plaintiffs concede that the traditional theory of *respondeat superior* does not apply in this context,

3

but note that a private corporation can be held liable under Section 1983 if its employee "acted pursuant to a custom or policy of the corporation." *Smith v. Corrections Corp. of America, Inc.*, 674 F.Supp. 2d 201, 205 (D.D.C. 2009) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978)).

Despite the parties briefing on this issue, there is no actual claim for relief that the Court can dismiss. The plaintiffs do not specifically allege in the Second Amended Complaint that defendant Bridges violated Section 1983. Under their First Claim for Relief—the Section 1983 violation—plaintiffs allege that "the Defendants BURTS, WIGGINS, WILLIAMS, and/or FULLER deprived A.M. of her right under the Fourth Amendment." ECF No. 10, Second Amended Complaint, ¶31 (emphasis in original). Paragraphs 33 and 34 only make allegations against defendants Burts and Rigley. Additionally, the only general reference to all the defendants is in paragraph 35: "Defendants' conduct was a substantial factor in causing Plaintiff A.M.'s harm as described herein." There is no mention of defendant Bridges, nor a general reference to all the defendants violating the statute, throughout the claim for relief. Therefore, plaintiffs have not adequately pleaded a claim for relief under Section 1983 against Bridges. Accordingly, there is nothing for the Court to dismiss.

Even if plaintiffs had specifically named Bridges as having violated the statute, the Court would dismiss for failure to state a claim for relief under Rule 12(b)(6). In order to find a private corporation liable under Section 1983 an employee must have acted pursuant to a custom or policy and there must be a "direct causal link between a [] policy and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A custom or policy can cause a constitutional violation under the following circumstances:

> [1] [F]or instance, the [corporation] or one of its policymakers [could have] explicitly adopted the policy that was the moving force of the constitutional

4

violation ... [o]r [2] a policymaker could knowingly ignore a practice that was consistent enough to constitute custom, thereby leading to a violation ... [o]r [3] the [corporation's] conduct may evidence a deliberate indifference to the rights of its inhabitants.

*Smith*, 674 F.Supp.2d at 206 (internal citations omitted).

Plaintiffs do not specifically allege that defendant Bridges, or one of its policymakers, created a policy or custom that led to the Fourth Amendment violation. Rather they allege that Rigley and other unknown school officials were made aware of the abuse and failed to respond to the reports. See ECF No. 10, Second Amended Complaint, ¶¶ 22, 27. Those facts seem to comport with a theory of liability under the second and third circumstances listed above. However, the pleaded facts fall short of establishing the high standard set out in *Harris*. For one, plaintiffs do not plead that defendant Rigley (the principal of Bridges) or the other unknown supervisory officials are policymakers at Bridges. But more importantly, plaintiffs fail to contend that the alleged conduct *led* to the constitutional violation. It is unclear to the Court, based on the facts alleged in the Amended Complaint, when the school officials were made aware of the alleged abuse. Were they informed after the fact or were they made aware earlier and failed *to stop* future abusive acts? That distinction is critical to understanding whether the school officials' alleged failure to act created a custom which led to a constitutional violation (in this case a Fourth Amendment violation). Plaintiffs have not provided sufficient factual basis to support such a theory. Accordingly, the Court will **GRANT** defendant Bridges motion to dismiss Count I.

Turning to Count V, Bridges argues that plaintiffs have not adequately pleaded a claim for relief against the school because the allegations in the complaint do not meet the "strict requirements of establishing extreme and outrageous conduct" necessary to support an intentional infliction of emotional distress ("IIED") claim. ECF No. 20 at 4. Bridges cites D.C. case law noting that "[l]iability will be imposed only for conduct so outrageous in character, and so extreme

5

in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (internal citations omitted). The Court does not agree that plaintiffs have not pleaded sufficient facts to meet this high standard. Paragraphs 19 through 22 of the Second Amended Complaint detail egregious conduct that if true would constitute outrageous behavior. Plaintiffs assert that A.M. and her classmates were physically and verbally abused on a repeated basis as a result of their disabilities. Since at the motion to dismiss phase, the Court accepts as true the allegations in the complaint, the Court will deny defendant Bridges motion to dismiss this claim.

Defendant Bridges also seeks to dismiss Counts I, II, III, VII, and VIII to the extent plaintiffs Melissa Kopolow McCall and Matthew McCall ("the parents") are seeking relief on their own behalf as individuals, and not only on behalf of their daughter. To the extent plaintiffs seek relief for loss of parent-child consortium, Bridges further asks the Court to dismiss that claim since it is unrecognizable under D.C. law. The plaintiffs concede that they are not pursuing those claims as individuals, nor do they seek relief for loss of parent-child consortium. There are, therefore, no such claims to dismiss.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant in part and deny in part the motion for partial dismissal. The Court will **DENY** the motion as moot with respect to all claims against Rigley. The Court will also **DENY** the motion with respect to Claim V against defendant Bridges. The Court will **GRANT** the motion with respect to Claims I, IX, and X and will **DISMISS** those claims against Bridges. A separate Order accompanies this Memorandum Opinion.

Date: February 27, 2018

Royce C. Lamberth
United States District Judge

7